LAWRENCE, J.
This is an action to contest the validity of an assessment levied by the defendant city for the improvement of West Exchange street and Dodge avenue by grading, curbing, paving and constructing sidewalks.
The plaintiff brings the action for herself and other interested owners of property abutting on said street and avenue.
The relief sought is- asked upon the sole ground that the work and material for the concrete sidewalk, curb and gutters were not supplied in accordance with the contract therefor, the allegations of plaintiff’s petition in that regard being as follows:
“That plaintiff avers for herself and all other abutting lot *566 owners on said portions of said avenue and street interested in like manner with, herself that in the construction of the said concrete sidewalks, gutters and curbing, the said contractor was grossly negligent in permitting the same to become frozen so that the concrete sidewalks, gutters and curbs became broken and cracked in many places on said portion of West Exchange street and Dodge avenue, so that the said contract was not executed as required, and the sidewalk so broken and cracked were of little or no value. Plaintiff repeatedly called the attention of the director of public service of said city and its other officers to the character of this defective work, but the said city failed and neglected to require the said contractor to reconstruct said defective work and allowed the contractor estimates for the full contract price which were paid to him regardless of the protests of said plaintiff. Said defective work has never been reconstructed. ’ ’
The improvement was made in the year 1912, and the assessments therefor were to be paid in ten equal annual installments with the'taxes for the years 1911 to 1920, inclusive. Six of said installments were paid before this action was begun, the action having been commenced in the court of common pleas January 24, 1918.
Some complaint was made to defendant city in the years 1914 and 1915 relative to the condition of the sidewalk, curb and gutter, and some negotiations between certain property owners and officers of the city of Akron were had relative thereto and some repairs were made thereon.
After the completion of this improvement by the contractor, the city accepted the same, a final estimate was made and paid by the city, less an amount provided in the contract to be retained by the city for a period of two years, all of which amount, except $400, was after the expiration of two years paid the contractor, said amount of $400 being sufficient as then determined by the city to repair all defects complained of.
The evidence discloses that some parts of the sidewalk, curb and gutters are not now, six years after the improvement was completed, in a good state of repair, and were not in such repair a year or two after the completion of the work; however, only a comparatively small portion of this improvement is in such condition.
Without going further into the evidence, we are of the opin *567 ion that where a municipality enters into a contract for an improvement such as this, and by the terms thereof, as in the contract in question, a certain person or official board of the municipality is selected by the. parties thereto to determine whether the terms of the contract have been complied with, and the work thereunder properly executed, that when such facts are ascertained and fixed by the person or official board selected, and in the manner provided by the contract, and the work is accepted by the municipality, final estimate made and paid, a suit instituted thereafter to enjoin the collection of the assessments levied to pay the cost and expenses of such improvement cannot be maintained on the ground that the work done and material furnished for said improvement were not in accordance with the contract, in the absence of fraud or mistake. No fraud or mistake is alleged or proven herein.
Furthermore, by far the greater part of this improvement is good and substantial; yet the court is asked for an order restraining the collection of all unpaid assessments to the full extent of the improvement. If the prayer of the petition should be granted, the result would be that many property owners would escape paying anything further for work the evidence discloses is good and substantial.
Our attention has been called to the case of Shook v. Akron, (not reported), decided by this court in 1916, and the claim is made that the case should be decisive of the case at bar. With this contention we can not agree. The improvement of the streets in the Shook case, for which assessments were enjoined, was practically of no account at all except possibly the grading thereof, and consequently was not of any benefit to the property assessed, while in the case under consideration, the improvement was of substantial benefit, as above stated, with slight exceptions to the property assessed, and consequently the Shook case can have no controlling effect in the case at bar.
Holding these views, we feel that the relief sought for in plaintiff’s petition should be denied, and the petition is dismissed at the cost of the plaintiff.
Grant and Dunlap, JJ., concur.